UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ROBERT J. DEL COL, ESQ. and LEFTHERIS
"TED" DOUKAS,

                    Plaintiffs,

          v.

KATHLEEN RICE, acting individually and as the
duly elected District Attorney for the County of
Nassau; COUNTY OF NASSAU; GUIDO
GABRIELE, III, ESQ., acting individually
and on behalf of the Nassau County District
Attorney's Office; LINDA PERESS, acting
individually and as a purported duly appointed
Assistant District Attorney for the County
of Nassau; DATATREASURY CORPORATION;
RICHARD B. FRIEDMAN; CLAUDIO
BALLARD; SHEPHARD LANE; KEITH DELUCIA;
ASSISTANT DISTRICT ATTORNEY JOHN
and JANE DOES #1 – 20 of the COUNTY
OF NASSAU; NASSAU COUNTY DISTRICT
ATTORNEY DETECTIVE INVESTIGATORS
JOHN and JANE DOES #1 – 20, or those acting
in a similar capacity and under the law
enforcement authority of the NASSAU COUNTY
DISTRICT ATTORNEY; NASSAU COUNTY
POLICE OFFICER JOHN and JANE DOES #1 – 20;
and UNKOWN CORPORATIONS AND
INDIVIDUALS #1 – 20,

                    Defendants.

**MEMORANDUM & ORDER**
11-CV-5138 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiffs Robert J. Del Col, Esq. and Leftheris "Ted" Doukas filed the above-captioned

action against Defendants on October 21, 2011. All Defendants moved to dismiss the Complaint

on various grounds. In a memorandum and order dated December 18, 2012, the Court granted in

part and denied in part Defendants' motions to dismiss. *See Del Col v. Rice*, No. 11-CV-5138,

2012 WL 6589839 (E.D.N.Y. Dec. 18, 2012) (the "December 18, 2012 Decision"). The Data

Treasury Corporation ("DTC"), a Delaware corporation doing business in Plano, Texas; Claudio

Ballard, an owner of shares in DTC and an officer in the company; Shepard Lane, the General

Counsel for DTC; Keith DeLucia, the Chief Executive Officer and majority shareholder of DTC

(collectively "DTC Defendants") and Richard Friedman, an attorney who represented DTC

Defendants in a patent litigation, (collectively "Defendants") have moved for reconsideration of

the portion of the December 18, 2012 Decision denying their motions to dismiss Plaintiffs'

conspiracy, malicious prosecution and abuse of process claims. Plaintiffs move for sanctions

against Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C.

§ 1927. For the reasons set forth below, the Court denies in part and grants in part the motions

for reconsideration. Upon reconsideration the Court adheres to its prior rulings. The Court

denies Plaintiffs' motions for sanctions.

## I. Discussion

### a. Standard of Review

The standard for granting a motion for reconsideration "is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked — matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995);

*see also* Rule 6.3 of the Local Rules of the United States District Courts for the Southern and

Eastern Districts of New York (requiring the moving party to "set[ ] forth concisely the matters

or controlling decisions which counsel believes the Court has overlooked"); *Henderson v. City of*

*New York*, No. 05-CV-2588, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) ("In order to

have been 'overlooked,' the decisions or data in question must have been put before [the court]

on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." (citations and internal quotation marks omitted)).

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hidalgo v. New York*, No. 11-CV-5074, 2012 WL 3598878, at *1 (E.D.N.Y. Aug. 20, 2012) (citation and internal quotation marks omitted). A motion for reconsideration "should not be used as a vehicle simply to voice disagreement with the Court's decision, . . . nor does it present 'an occasion for repeating old arguments previously rejected or an opportunity for making new arguments that could have previously been made.'" *Premium Sports Inc. v. Connell*, No. 10-CV-3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (citations and alteration omitted); *see also Stoner v. Young Concert Artists, Inc.*, No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) ("A motion for reconsideration is an extraordinary remedy, and [the court] will not reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources. In other words, such a motion is not a vehicle to relitigate the merits." (citations and internal quotation marks omitted)); *Ceparano v. Suffolk County*, No. 10-CV-2030, 2013 WL 1749898, at *2 (E.D.N.Y. Apr. 17, 2013) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion.").

Reconsideration may only be granted where the moving party can demonstrate that the court overlooked decisions or information that might "reasonably be expected to alter the conclusion reached by the court," *Lesch v. United States*, 372 F. App'x 182, 183 (2d Cir. 2010) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)), or that reconsideration is necessary "to correct a clear error or prevent manifest injustice." *Montalvo v. United States*,

No. 11-CV-6864, 2013 WL 2635053, at *1 (S.D.N.Y. June 11, 2013) (quoting *Banco de Seguros*

*Del Estado v. Mutual Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002)); *see also*

*Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09-CV-9790, 2013 WL 498812, at *1

(S.D.N.Y. Feb. 11, 2013) ("When arguing for reconsideration based on new evidence, the

moving party must demonstrate that the newly discovered evidence was neither in his possession

nor available upon the exercise of reasonable diligence at the time the interlocutory decision was

rendered." (citation and internal quotation marks omitted)).

### b. Motions for Reconsideration

The Court assumes familiarity with the December 18, 2012 Decision.  In the December

18, 2012 Decision, the Court granted Defendants' motions to dismiss the false arrest and false

imprisonment claims.  The Court denied the Defendants' motions to dismiss the conspiracy,

malicious prosecution and abuse of process claims and motions for attorneys' fees.[1]  In their

reconsideration motions the Defendants make the following arguments: (1) the Court failed to

apply the correct pleading standard under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); (2) the Court overlooked the fact that

Nassau County Defendants did not seek a new indictment of Plaintiffs only because Plaintiffs

had sought and obtained a temporary restraining order preventing them from doing so and, as a

result, the malicious prosecution claim is barred because there was no termination of the

underlying action in Plaintiffs' favor; (3) the Complaint fails to plead sufficient facts to connect

DeLucia to the conspiracy; (4) the Court should have decided the motion to dismiss by applying

---

[1]  At oral argument of the motions to dismiss, the Court granted Defendants' motions to
dismiss the manufacture of false evidence, the intentional infliction of emotional distress, the
negligent infliction of emotional distress, the New York constitutional tort, and the negligence
claims.  In addition, Plaintiffs withdrew all claims under § 1985 and their conspiracy to obstruct
justice claim under § 1983.

the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedures; and (5) the Court failed to apply an "exacting scrutiny" review of the § 1983 charged conspiracy claims against Friedman.

### i. Plausibility Claim

Defendants argue that the Court failed to apply the correct standard under *Iqbal* and *Twombly* in deciding their motions to dismiss Plaintiffs' remaining claims against them. DTC Defendants assert that Plaintiffs' allegations are implausible for several reasons: (1) they dispute the chronology of events as presented in the Complaint and assert that they did not have notice of Doukas's alleged claims to the DTC patent until after they made campaign contributions to Rice; (2) they assert that Plaintiffs have not explained "why [] DTC Defendants would have thought a criminal prosecution of Doukas would undercut any contract claim he had — after all, even a felon can enforce a contract;" and (3) it is "implausible that the District Attorney Rice would accept small, previously made contributions as a bribe." (DTC Defs. Mem. 10–13.) Friedman states that "the Court's decision was premised on the misapprehension that the controlling law merely requires it to 'accept [all of] Plaintiffs' allegations as true' at the pleading stage without engaging in an analysis of those allegations" and that "the assumption of truth does *not* apply to allegations that 'are no more than conclusions.'" (Friedman Mem. 10–12 (emphasis in original) (citations omitted).) Friedman also asserts that the Court failed to engage in the proper two-prong analysis, by failing to "*analyze* . . . [P]laintiff's allegations" for plausibility and determining whether "more likely[, legal] explanations" explain the events. (*Id.* (emphasis in original) (citations omitted)). Defendants request that the Court reconsider the December 18, 2012 Decision as to all of Plaintiffs' remaining claims because the claims are implausible. (DTC Defs. Mem. 11–13; Def. Friedman Mem. 9–23.) These arguments were made to the Court in

support of Defendants' motions to dismiss and are not a basis for reconsideration where Defendants simply disagree with the Court's ruling as to the plausibility of Plaintiffs' § 1983 conspiracy, malicious prosecution and abuse of process claims.

The Second Circuit has repeatedly reiterated that unsupported *legal* conclusions are barred by *Twombly* and *Iqbal*. *Toliver v. City of New York*, --- F. App'x ---, ---, 2013 WL 3817836, at *1 (2d Cir. July 24, 2013) ("We do not . . . accept the complaint's legal conclusions at face value." (citations omitted)); *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) ("We 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (citations omitted)); *Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany*, 615 F.3d 97, 114 (2d Cir. 2010) ("Although we must accept as true all of [a complaint's] allegations . . . , that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (alterations in original) (internal quotation marks omitted) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

The Court must, however, accept as true all *factual* allegations and draw all reasonable inferences in the plaintiff's favor. *Toliver*, --- F. App'x at ---, 2013 WL 3817836, at *1 ("We accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor."); *Williams v. Schwartz*, --- F. App'x ---, ---, 2013 WL 3598111, at *1 (2d Cir. July 16, 2013) ("[In a] dismissal of a complaint pursuant to Rule 12(b)(6), [a court must] 'accept[] all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'" (quoting *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010)); *Pension Ben. Guar. Corp.*, 712 F.3d at 717 ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true . . . ."); *Mortimer Off Shore Servs.*, 615 F.3d at 114

("[W]e must accept as true all of [a complaint's] allegations . . . ." (internal quotation marks and citations omitted)); *Del Col*, 2012 WL 6589839, at *4 ("In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must 'accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party.'" (quoting *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011))).

It is precisely the factual allegations in the Complaint that Defendants are asking the Court to disbelieve. (DTC Defs. Mem. 11–13; Def. Friedman Mem. 9–23.) The Court may not discount factual allegations, but rather, the Court must only determine whether the facts as alleged in the Complaint are sufficiently plausible to meet the elements of Plaintiffs' claims for conspiracy, malicious prosecution and abuse of process. *Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) ("To survive dismissal, a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.' This standard 'does not impose a *probability* requirement at the pleading stage; it simply calls for enough fact to raise a reasonable *expectation* that discovery will reveal evidence of illegal [conduct].'" (emphasis and alteration in original) (quoting *Twombly*, 550 U.S. at 556)); *Williams*, --- F.3d at ---, 2013 WL 3598111, at *1 ("A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Iqbal*, 556 U.S. at 678)); *Pension Ben. Guar. Corp.*, 712 F.3d at 717–18 ("[T]his 'facial plausibility' prong requires the plaintiff to plead facts 'allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Iqbal*, 556 U.S. at 678)); *Holmes v. Air Line Pilots Ass'n, Int'l*, 745 F. Supp. 2d 176, 193 (E.D.N.Y. 2010) ("A claim is plausible 'when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Iqbal*, 556 U.S. at 678)).

"*Iqbal* and *Twombly* do not impose a heightened pleading standard for § 1983 claims, but simply require the factual plausibility . . . ." *Matos v. City of New York*, No. 10-CV-4558, 2012 WL 7160430, at *6 n.6 (E.D.N.Y. Dec. 3, 2012). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Del Col*, 2012 WL 6589839, at *3 (quoting *Matson*, 631 F.3d at 63). "[A] well-pleaded complaint may survive a motion to dismiss even where 'it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Holmes*, 745 F. Supp. 2d at 193 (quoting *Twombly*, 550 U.S. at 556). "[A] claim should only be dismissed at the pleading stage where the allegations are so general, and the alternative explanations so compelling, that the claim no longer appears plausible." *Arar v. Ashcroft*, 585 F.3d 559, 617 (2d Cir. 2009).

The Court considered Defendants' arguments that the conspiracy, malicious prosecution and abuse of process claims as alleged were implausible when it initially decided their motions to dismiss those claims. The Court concluded that the allegations in the Complaint are plausible as to these claims. *See generally Del Col*, 2012 WL 6589839, at *9–15. Defendants simply disagree with the Court's application of the applicable legal standard which is not a proper basis for reconsideration. Having failed to demonstrate that the Court applied the incorrect standard in determining the plausibility of Plaintiffs' remaining claims, the Court denies Defendants' application for reconsideration based on their plausibility argument.

### ii.    Malicious Prosecution Claim

DTC Defendants assert that the termination of the indictment was not favorable to Plaintiffs and, therefore, Plaintiffs cannot sustain a malicious prosecution claim.  (DTC Defs. Mem. 4–6.)  Specifically, DTC Defendants claim that the Court overlooked the factual disclosure by Del Col at the oral argument that he had sought and obtained a temporary restraining order to prevent Nassau County Defendants from representing the evidence to, and seeking an indictment from, a grand jury.[2]  (*Id.*)  DTC Defendants are, in effect, arguing that by overlooking this fact, the Court misapplied the law.  DTC Defendants also assert that the Court's reliance on *Smith-Hunter v. Harvey*, 95 N.Y.2d 191 (2000) "is misplaced" because the factual scenarios are dissimilar and the Court failed to consider *MacFawn v. Kresler*, 88 N.Y.2d 859 (1996).[3]  (*Id.* at

---

[2]  At oral argument the Court inquired about the status of re-indictment from counsel for Nassau County Defendants; he responded that he was unable to provide the Court with any information.  Oral Arg. Tr. 14:8–15:4.  The Court relied on the statements of Nassau County Defendants in reaching the December 18, 2012 Decision.  *See Del Col v. Rice*, 11-CV-5138, 2012 WL 6589839, at *13 (E.D.N.Y. Dec. 18, 2012).  Furthermore, to date, Nassau County Defendants have not explained to this Court why an indictment was not sought within the 45-day time period that was provided by Justice Berkowitz of the Nassau County Supreme Court who dismissed the initial indictment on the grounds that the Nassau County Defendants did not have the authority to appoint a special prosecutor to investigate the crime.  *See People v. Del Col et. al.*, Ind. No. 313N-10, slip op. (N.Y. Cnty. Ct. filed Oct. 26, 2010).  This decision was affirmed by the Appellate Division.  *People v. Del Col*, 930 N.Y.S.2d 488, 488–89 (App. Div. 2011).  Nassau County Defendants requested leave to appeal to the New York State Court of Appeals and leave was denied.  *People v. Del Col*, 18 N.Y.3d 956 (2012).  Since the Court's December 18, 2012 Decision, Justice Martin of the Suffolk County Supreme Court ruled that, based on the lapse in Justice Berowitz's 45-day time period, Nassau County Defendants could not present the evidence against Plaintiffs to another grand jury.  *Del Col v. Rice*, Index No. 21193-12, slip op. (N.Y. Cnty. Ct. Jan. 4, 2013).  Nassau County Defendants have informed the Court that they will not seek an appeal of Justice Martin's decision.  (Docket No. 138 (Feb. 15, 2013 Letter from Nassau County Defendants).)

[3]  The Court notes that while it did not cite to *MacFawn v. Kresler*, 88 N.Y.2d 859 (1996), the Court considered and cited to *Smith-Hunter v. Harvey*, 95 N.Y.2d 191 (2000), which post-dates *MacFawn* and discusses *MacFawn*.  *See Smith-Hunter*, 95 N.Y.2d at 750 ("In *MacFawn v Kresler*, we held in a summary judgment context that the dismissal — without prejudice — of the information for insufficiency under CPL 170.30 (1) (a) and 170.35 (1) (a)

6–10.)  While the Court disagrees that it overlooked any pertinent facts or controlling law that would require it to reconsider this claim, or that it misapplied the law, in view of the state court decision rendered subsequent to the December 18, 2012 Decision, baring Nassau County Defendants from seeking an indictment from another grand jury, and the representation from Nassau County Defendants that they are not appealing the state court decision, the Court grants DTC Defendants' motion to reconsider the denial of the motion to dismiss Plaintiffs' malicious prosecution claim.  The Court reconsiders whether there was a termination of the criminal matter in Plaintiffs' favor.

Judge Daniel Martin of the Suffolk County Supreme Court held on January 4, 2013 that because of Nassau County Defendants' failure to timely present the evidence against Plaintiffs to another grand jury, they are barred from seeking another indictment against Plaintiffs.  *See Del Col v. Rice*, No. 21193-12, slip op. at 5 (N.Y. Sup. Ct. Jan. 4, 2013) ("Respondents have not availed themselves of any means to eliminate the 45 day time limit imposed by Justice Berkowitz and affirmed by the Appellate Division.  In sum, the order of Justice Berkowitz, affirmed and unmodified by the Appellate Division, remains the law of the criminal case. . . . The Court determines that its discretion is properly employed here to enter a writ of prohibition upon the petition, barring respondents from re-presenting to a grand jury the matters underlying Nassau County indictment number 313N-10, as previously dismissed by order of the Nassau County Court . . . ."); *see also Del Col*, 2012 WL 6589839 at *13 ("Nassau County did not represent the matter to a new grand jury within the 45 days ordered by the court, and, to date,

_____

could not serve as the basis for a malicious prosecution claim.  We noted that the dismissal without prejudice was not a final termination of the action.  Rather, the People remained 'at liberty to amend the information to correct the deficiency.'  Far from controlling the case at hand, *MacFawn* simply held that a plaintiff in a malicious prosecution action must show, as a threshold matter, that the criminal proceeding was *finally* terminated." (emphasis in original) (paragraph break and citations omitted)).

Nassau County has not represented the matter to any grand jury.").  Nassau County has informed the Court that it will not appeal Judge Martin's decision.  (Docket No. 138 (Feb. 15, 2013 Letter from Nassau County Defendants).)

DTC Defendants argue that the posture of the failure to indict is similar to a lapse in the statute of limitations, which some courts have found to be insufficient to find a favorable determination to sustain a malicious prosecution claim.  (DTC Def. Mem. 4–10.)  The Court disagrees.  The writ of prohibition was executed by the state court because of Plaintiffs' exercise of their rights.  *Del Col*, No. 21193-12, slip op. at 5.  The posture of Plaintiffs' indictment is much closer to a 30-30 motion, which has been found to be a favorable determination, rather than a lapse in the statute of limitations.  *Del Col*, 2012 WL 6589839, at *13 ("'An abandonment brought about by the accused's assertion of a constitutional or other privilege, however, such as the right to a speedy trial,' is a favorable termination."  (quoting *Murphy v. Lynn*, 118 F.3d 938, 949 (2d Cir. 1997))); *Anilao v. Spota*, 774 F. Supp. 2d 457, 508–10 (E.D.N.Y. 2011) (finding that a writ of prohibition is a favorable termination); *Smith-Hunter*, 95 N.Y.2d at 198 ("[T]he dismissal under CPL 30.30 was a final judgment which cannot be revived by re-filing the accusatory instrument.  Nor was the action terminated as a result of a settlement, mercy or any misconduct by plaintiff.  The prosecution terminated in a manner not inconsistent with plaintiff's innocence.  The CPL 30.30 dismissal was sought and granted as a matter of statutory right based on the prosecutor's inaction."); *see also Rogers v. City of Amsterdam*, 303 F.3d 155, 160–61 (2d Cir. 2002) (finding that there was a favorable termination even though there was no "formal dismissal" since it was clear that "any attempt now by the City of Amsterdam to proceed with criminal action against Pelcher will necessarily result in a dismissal pursuant to New York Criminal Procedure Law § 30.30").

Furthermore, as explained by the Court in the December 18, 2012 Decision, the rule requiring a favorable termination before a malicious prosecution claim can proceed "exists to prevent the possibility of two courts considering the issue of whether probable cause existed at the same time, by preventing a civil court from considering an action until it is certain that the state can no longer pursue the criminal prosecution." *Del Col*, 2012 WL 6589839, at *13; *see also Smith-Hunter*, 95 N.Y.2d at 197 ("Indeed, it is well settled that any 'disposition of the criminal action which does not terminate it but permits it to be renewed . . . cannot serve as a foundation for the [malicious prosecution] action.'" (alteration in original) (citations omitted)). There is no concern here that two courts will be litigating whether probable cause existed for the same indictment at the same time since the criminal action has been terminated. Upon reconsideration, the Court adheres to its prior ruling finding a termination in Plaintiffs' favor and denying DTC Defendants' motion to dismiss Plaintiffs' malicious prosecution claim.

### iii.    Conspiracy Claim as to Defendant DeLucia

DTC Defendants argue that the Complaint should be dismissed against DeLucia for failure to plead sufficient facts to connect DeLucia to the conspiracy. (DTC Defs. Mem. 3–4.) DTC Defendants appear to argue that because the allegations in Plaintiffs' Complaint against DTC Defendants and Friedman were general to the group, in determining whether the Complaint contained sufficient factual allegations against individual Defendants, the Court did not determine whether there were sufficient specific factual allegations tying DeLucia to the conspiracy. While the Complaint and the December 18, 2012 Decision did address this claim against DTC Defendants and Friedman as a group, the Court did, as it is required to do, consider the allegations separately as to each Defendant, resulting in the dismissal of several of Plaintiffs' claims and the dismissal of one defendant from the action. Although the Court does not believe

DTC Defendants have met the high standard for reconsideration, the Court grants their reconsideration motion as to the conspiracy charge against DeLucia.

Unlike the conspiracy claim against Matthew Didora, which the Court dismissed at oral argument precisely because there were no facts that tied Didora to the conspiracy, there are sufficient facts alleged in the Complaint to tie DeLucia to the conspiracy. First, as with Friedman, it is clear that the Complaint grouped DeLucia with DTC Defendants and thus some of the allegations in the Complaint are that DTC Defendants as a group entered into an agreement with Nassau County Defendants. (Compl. ¶¶ 115–16.) As set forth in the December 18, 2012 Decision, according to the Complaint, DTC Defendants bribed Nassau County Defendants through specific campaign contributions to Rice. (*Id.* ¶¶ 84–215.) Nassau County Defendants prosecuted Plaintiffs on behalf of DTC Defendants and Friedman, in exchange for the bribe. (*Id.*) The ultimate goal of the prosecution was to prevent Doukas from asserting his interest in the DTC patent. (*Id*.) Between January 1, 2009 and February 9, 2010, DTC Defendants, Friedman and Nassau County Defendants "conducted secret and clandestine meetings" to further the goals of the conspiracy, including a meeting where DTC Defendants were provided tape recording equipment to tape a meeting with Plaintiffs. (*Id.* at ¶ 116.) Defendants initiated an investigation and secured a grand jury indictment in furtherance of the conspiracy. (*Id.* at ¶¶ 84–215.) DTC Defendants and Friedman were active participants in the investigation by arranging the recording, participating in it and providing false information to the grand jury. (*Id.* ¶¶ 99–144.)

However, in addition to the allegations against DTC Defendants as a group, the Complaint also includes specific allegations as to DeLucia. The Complaint alleges that (1) DeLucia is the C.E.O. and majority shareholder of DTC, (*id.* ¶ 67); (2) DeLucia earned

licensed fees from the DTC patent, (*id.* ¶ 90); (3) DeLucia was motivated by "greed" to protect the DTC patent and not share the proceeds with Doukas, (*id.* ¶¶ 4, 189); (4) DeLucia, along with Ballard, Lane and Friedman, contacted a lawyer from Texas to ask him to donate to the Rice campaign in furtherance of the "pay to prosecute scheme/conspiracy" (*id.* ¶ 182); and (5) DeLucia "headed up," "engineer[ed]" and was the "mastermind" of the "pay to prosecute scheme/conspiracy" and conspired with other members, (*id.* ¶¶ 14, 19, 48, 69, 70, 139).

"Plaintiffs need only 'allege a plausible claim that there was an agreement or joint action to inflict an unconstitutional injury and an overt act in furtherance of the goal by the defendants'" to sufficiently allege a § 1983 conspiracy. *Del Col*, 2012 WL 6589839, at *8 (quoting *Young v. Suffolk County*, 705 F. Supp. 2d 183, 199 (E.D.N.Y. 2010)); *see also Jae Soog Lee v. Law Office of Kim & Bae, PC*, No. 12-4769, --- F' App'x ---, ---, 2013 WL 3604187, at *1 (2d Cir. July 16, 2013) ("To support a claim against a private party on a § 1983 conspiracy theory, a plaintiff must show '(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.'" (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002))); *Zavalidroga v. Cote*, 395 F. App'x 737, 740 (2d Cir. 2010) ("[P]rivate actors are liable under Section 1983 if they conspired with state officials . . . to state a claim based on 'a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.'" (quoting *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992))). The allegations against DeLucia are sufficient to meet this standard and the Complaint pleads his participation in the conspiracy in a non-conclusory manner. Upon reconsideration of the conspiracy claim against DeLucia, the Court adheres to its prior ruling.

### iv. Federal Rules of Civil Procedure 9(b)

Friedman argues that the Court should have decided the motions to dismiss by applying the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.[4] (Def. Friedman Mem. 5–9.) Under Rule 9(b), complaints "alleging fraud or mistake, . . . . must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "[T]he plaintiff must allege specific facts as to the fraud, including the misleading statements, speaker, time, place, individuals involved, and specific conduct at issue." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 143 (2d Cir. 2011) (citing Fed. R. Civ. P. 9(b)).

Most courts that have considered whether Rule 9(b) applies to specific § 1983 claims have found that it does not. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168–69 (1993)[5] ("Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement of Rule 9(b). But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation."); *cf. Matos*, 2012 WL 7160430, at *6 n.6 ("*Leatherman* can be interpreted as holding only that § 1983 claims may not be subjected to a 'heightened pleading standard . . . [that is a] more demanding rule for pleading a complaint under § 1983 than for pleading other kinds of claims for relief . . . .'" (citations omitted)); *Davis v. Torres*, No. 10-CV-2236, 2012 WL 3070092, at *4 (S.D.N.Y. May 2, 2012) ("[U]nder federal pleading rules, 'Section 1983 claims need not be plead[ed] with particularity,

---

[4] Friedman has provided the Court with no cases finding the 9(b) standard applicable in any § 1983 claims.

[5] While parts of *Leatherman* have been called into question by *Iqbal* and *Twombly*, its primary holding that § 1983 claims are not subject to a heightened pleading standard remains good law. *See Matos v. City of New York*, No. 10-CV-4558, 2012 WL 7160430, at *6 n.6 (E.D.N.Y. Dec. 3, 2012) (noting that *Leatherman*'s core holding is still good law).

but may be averred generally.'" (quoting *Rahman v. Fisher*, 607 F. Supp. 2d 580, 584 (S.D.N.Y. 2009)), *report and recommendation adopted sub nom. Davis v. N.Y. Dep't of Corr.*, No. 10-CV-2236, 2012 WL 3070083 (S.D.N.Y. July 27, 2012); *Mateo v. Gundrum*, No. 10-CV-1103, 2011 WL 5325790, at *5 (N.D.N.Y. Aug. 30, 2011) (same), *report and recommendation adopted*, No. 10-CV-1103, 2011 WL 5325794 (N.D.N.Y. Nov. 3, 2011). The Court finds no legal basis to conclude that Rule 9(b) applies to § 1983 claims. Thus, Friedman has failed to demonstrate that the Court has failed to apply any applicable law and his motion for reconsideration on this issue must be denied.

Even assuming that Rule 9(b) could arguably apply to § 1983 claims if the claims fall into the category of claims where "the wording and imputations of the complaint are classically associated with fraud," *Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004), Friedman fails to demonstrate that Plaintiffs have alleged claims "classically associated with fraud." Plaintiffs' remaining claims against Defendants are § 1983 conspiracy, malicious prosecution and abuse of process. Friedman argues that "false criminal allegations" and "perjured testimony" in the Complaint are fraud clams. (Friedman Mem. 5–9.)

The elements of fraud in New York are "(i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation by [plaintiff]s; and (iv) resulting damages." *Johnson*, 660 F.3d at 143 (citing *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 488 (2007)). The only court in this Circuit to directly consider the question of whether Rule 9(b) applied to a similar § 1983 case found that because the plaintiffs could not rely on the statements, since they were unaware of the statements, Rule 9(b) did not apply. *See, e.g.*, *Monaco v. Carpinello*, No. 98-CV-3386, 2004 WL 3090598, at *9 (E.D.N.Y. July 22, 2004) ("The complaint does not allege fraud. Plaintiffs have not alleged that the

dangerousness findings of Stony Brook physicians were offered to deceive them or that they relied on these representations. Instead, plaintiffs have alleged that the fraudulent representation was made to the hospital and to the courts reviewing patients' commitments. Therefore Rule 9(b) is inapplicable."). "[A] material misrepresentation is actionable if it (a) induces a party to act, and (b) the party was justified or reasonable in being induced." *Woori Bank v. RBS Sec., Inc.*, 910 F. Supp. 2d 697, 701 (S.D.N.Y. 2012) (citing *Ashland Inc. v. Morgan Stanley & Co.*, 652 F.3d 333, 337–38 (2d Cir. 2011)); *see also Abbey v. Skokos*, 509 F. App'x 92, 93 (2d Cir. 2013) ("Reasonable reliance is an element of common law fraud under New York law . . ."); *Waterscape Resort LLC v. McGovern*, 967 N.Y.S.2d 368, 369 (App. Div. 2013) ("In any event, to maintain a claim for fraud, plaintiff must show that its reliance on an alleged misrepresentation was justifiable or reasonable.").

Plaintiffs would be unable to state that they relied on statements at issue since they were made to a *secret* grand jury, and thus, would be unable to bring a fraud claim.[6] Furthermore, it is clear that the nucleus of Plaintiffs' claims is not the fraudulent statement to the grand jury nor could it be under *Rehberg v. Paulk*, 566 U.S. ---, ---,132 S.Ct. 1497, 1506 (2012), which states that grand jury witnesses are absolutely immune for any § 1983 claims based on testimony

---

[6] Friedman cites to fraud on the market and market manipulation cases to support his argument that a fraudulent scheme must be pled with particularity, even though the fraudulent statements were not made to Plaintiffs. (Def. Friedman Mem. 6 (citing *ATSI Commc'ns, Inc. v. Shaar Frund, LTD.*, 493 F.3d 87, 102 (2d Cir. 2007); *Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004); *In re IAC/InterActiveCorp Sec. Litig.*, 695 F. Supp. 2d 109, 116 (S.D.N.Y. 2010); *In re Natural Gas Commodities Litig.*, 358 F. Supp. 2d 336, 344 (S.D.N.Y. 2008).) However, this argument is fundamentally flawed because the cases cited by Friedman are based on the assumptions that buyers in an open market can and *do rely* on statements and activities in that market and are, therefore, harmed when there is fraud on the market. *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. ---, ---, 133 S. Ct. 1184, 1192–1193 (2013); *Fezzani v. Bear, Stearns & Co. Inc.*, 716 F.3d 18, 27–28 (2d Cir. 2013). Here, there is no manner in which Plaintiffs could have relied on statements made to a secret grand jury.

before the grand jury. *See Del Col*, 2012 WL 6589839, at *12 n.16 (dismissing claims against Nassau County Non–Prosecutor Defendants because they were solely based on claims that they gave false testimony to the grand jury); *see also* Oral Arg. Tr. 87:18–91:2 (dismissing the manufacture of false evidence claim because it was based on false testimony to the grand jury). Rather Plaintiffs allege § 1983 conspiracy, malicious prosecution and abuse of process claims. The central allegations of the Complaint involve Nassau County Defendants knowingly seeking an indictment when they knew that Plaintiffs had not committed a crime. Since Plaintiffs do not allege a claim "classically associated with fraud," Rule 9(b) is not applicable. *See, e.g., Monaco*, 2004 WL 3090598, at *9 (finding that Rule 9(b) did not apply to the plaintiff's § 1983 claim since it was not based on fraud); *see also Kasper Global Collection & Brokers, Inc. v. Global Cabinets & Furniture Mfrs. Inc*., No. 10-CV-5715, 2013 WL 3388427, at *29 (S.D.N.Y. July 1, 2013) (denying a party's motion to dismiss a counterclaim "as the counterclaim does not appear to sound in fraud, rendering inapplicable Rule 9(b)'s requirement of particularized pleading"); *F.T.C. v. Consumer Health Benefits Ass'n*, No. 10-CV-3551, 2012 WL 1890242, at *7 (E.D.N.Y. May 23, 2012) (holding that 9(b) was inapplicable to the statute in question because while some aspects of particular claims may sound in fraud, the statutory scheme goes "well beyond common-law fraud to cover a broad range of deceptive practices" (quoting *Pelman v. McDonald's Corp*., 396 F.3d 508, 511 (2d Cir. 2005)); *Spotts v. Humphrey*, No. 10-CV-00058, 2010 WL 2388454, at *5 (D. Conn. June 9, 2010) (" 9(b) is inapplicable as fraud is not alleged.").

## v. Exacting Scrutiny

Friedman contends that § 1983 conspiracies that involve private individuals should be subject to "exacting scrutiny" and that the Court failed to apply that standard here. (Def.

Friedman Mem. 22–24.)  Friedman argues that courts "examine with great care any suit charging that prosecution witnesses conspired with the prosecutor . . . ."  (Friedman Mem. 22 (quoting *San Fillipo v. U.S. Trust Co. of N.Y., Inc.*, 737 F.3d 246, 256 (2d Cir. 1984).)  Friedman asserts that a conspiracy claim must not be based on "conclusory allegations" but must have "specific facts tending to show an agreement and concerted action."  (Friedman Mem. 23 (citations omitted).)

Despite Friedman's disagreement with the December 18, 2012 Decision, the Court did examine the allegations in the Complaint with great care and found Plaintiffs' remaining claims to be plausible.  The Court acknowledged that "a Section 1983 conspiracy claim against a private individual requires more than pleading simply, and in conclusory fashion[,] that the defendant 'conspired' with state actors."  *Del Col*, 2012 WL 6589839, at *8 (quoting *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012)).  The Court held that "Plaintiffs' allegations go beyond DTC Defendants and Friedman simply calling the D.A.'s Office to report a crime," and then proceeded to outline the specific allegations in the Complaint that tended to show agreement among the various Defendants.  *Del Col*, 2012 WL 6589839, at *9.  The Court notes that a motion for reconsideration is not the place for a party to voice a general disagreement with the Court's decision.  *Premium Sports Inc*, 2012 WL 2878085, at *1 (citations and alteration omitted) (a motion for reconsideration "should not be used as a vehicle simply to voice disagreement with the Court's decision").  Friedman's reconsideration motion is denied.

### c.  Sanctions

#### i.  Rule 11

Plaintiffs seek sanctions against Defendants based on their motions for reconsideration pursuant to Rule 11.  (Pls. Opp'n to DTC Defs. 2; Pls. Opp'n to Friedman 1–2.)  "Sanctions may be — but need not be — imposed when court filings are used for an 'improper purpose,' or when

claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous."
*Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (citing Fed. R.
Civ. P. 11(b)-(c)); *see also S.E.C. v. Smith*, 710 F.3d 87, 97 (2d Cir. 2013). Rule 11 Sanctions
"require courts to evaluate the completeness or truthfulness of responses and whether a party[']s
claims are without merit." *Smith*, 710 F.3d at 96. The district court has discretion in deciding
whether or not to impose sanctions. *WD Music Products, Inc. v. Muller,* 506 F. App'x 43 (2d
Cir. 2012); *Ipcon Collections*, 698 F.3d at 63. "[S]anctions decisions are to be made 'with
restraint and discretion,' 'lest they chill the creativity essential to the evolution of the law.'"
*Patrizzi v. Bourne in Time, Inc.*, No. 11-CV-2386, 2013 WL 316148, at *4 (S.D.N.Y. Jan. 28,
2013).

Under Rule 11, motions for sanctions should be made separate from any other motion.
Fed. R. Civ. P. 11(c)(2); *Rafter v. Fleet Boston Fin. Corp.*, No. 11-CV-5341, 2013 WL 1595116,
at *2 (2d Cir. Apr. 16, 2013) ("Rule 11[] require[s] that the motion be 'made separately from any
other motion.'" (quoting Fed. R. Civ. P. 11(c)(2))). In addition, Rule 11 requires that the party
seeking sanction serve the motion on his adversary and give his adversary 21 days to withdraw
the pleading before serving it on the court. *See* Fed. R. Civ. P. 11(c)(2); *Smith v. Manhattan
Club Timeshare Ass'n, Inc.*, 12-CV- 6363, 2013 WL 1955882, at *11 (S.D.N.Y. May 10, 2013);
*Azuike v. BNY Mellon*, No. 12- CV-5198, 2013 WL 3917264, at *4 (S.D.N.Y. July 30, 2013).
Failure to comply with Rule 11 requirements is sufficient grounds to deny the motion. *Wi-Lan
Inc. v. LG Electronics, Inc.*, No. 10-CV- 0432, 2013 WL 2322483, at *13 (S.D.N.Y. May 10,
2013) ("With regard to Rule 11 sanctions, LG's failure to comply with Rule 11's procedural
requirements bars any award of Rule 11 sanctions. Consistent with Rule 11(c)(1)'s notice
requirement, a party's Rule 11 sanctions motion must be 'made separately from any other motion

and must describe the specific conduct that allegedly violates Rule 11(b).'").  Plaintiffs filed their motion on March 26, 2013.  However, Plaintiffs failed to plead that they complied with the relevant procedural requirements of Rule 11.

Regardless of whether Plaintiffs have complied with the procedural requirements, the Court has reviewed the submissions and denies Plaintiffs' motion for sanctions pursuant to Rule 11.  "Sanctions under Rule 11 are appropriate only in 'extraordinary circumstances.'"  *Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 327 (S.D.N.Y. 2012); *see also Emerald Asset Advisors, LLC v. Schaffer*, 895 F. Supp. 2d 418, 438 (E.D.N.Y. 2012) (finding that "[n]othing here advanced by the [plaintiff's] counsel rises to the level of the extraordinary circumstances so as to warrant Rule 11 sanctions."); *Graves v. Deutsche Bank Sec. Inc.*, No. 07-CV-5471, 2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010) ("[S]anctions should issue 'only in extraordinary circumstances . . . .'" (citations omitted)).  Plaintiffs have failed to plead that such extraordinary circumstances exist.  *See, e.g.*, *Emerald Asset Advisors*, 895 F. Supp. 2d at 438; *Stern*, 886 F. Supp. 2d at 327; *Murray v. Town of N. Hempstead*, 853 F. Supp. 2d 247, 277 (E.D.N.Y. 2012).

### ii.    28 U.S.C. § 1927

Plaintiffs also seek sanctions pursuant to 28 U.S.C. § 1927.  (Pls. Opp'n to DTC Defs. 2; Pls. Opp'n to Friedman 1–2.)  Section 1927 states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927; *see also Harris v. NYU Langone Med. Ctr.*, No. 12-CV-0454, 2013 WL 3487032, at *34 (S.D.N.Y. July 9, 2013) (quoting 28 U.S.C. § 1927); *Optical Commc'ns Grp., Inc. v. M/V AMBASSADOR*, No. 11-CV-4439, 2013 WL 1401720, at *11 (S.D.N.Y. Mar. 29, 2013) (same).

"To impose sanctions under this provision, a court must find that the challenged claim was (i) 'without a colorable basis' and (ii) 'brought in bad faith, *i.e.,* motivated by improper purposes such as harassment or delay.'" *Optical Commc'ns Grp.*, 2013 WL 1401720, at *11 (quoting *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012)); *see also Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 178 (2d Cir. 2012) ("[W]hile the standard for triggering sanctions under Rule 11 is 'objective unreasonableness,' to impose sanctions under § 1927, the court must make a finding of 'conduct constituting or akin to bad faith.'"); *Harris*, 2013 WL 3487032, at *34 ("[T]he court must first make 'a finding of conduct constituting or akin to bad faith.'").  "[C]ourts should exercise restraint in awarding sanctions and sanctions should be reserved for extreme cases." *Harris*, 2013 WL 3487032, at *34 (citations omitted).

Plaintiffs generally assert that Defendants' motions are "frivolous," "vexatious" and that they are "a bad faith and transparent attempt . . . to wear Plaintiffs down by commencing an illegitimate litigation siege."  (Pls. Opp'n to DTC Defs. 2; Pls. Opp'n to Friedman 1–2.)  These general conclusory allegations are not sufficient evidence for the Court to conclude that Defendants' motions for reconsideration of the December 18, 2012 Decision denying their motions to dismiss Plaintiffs' § 1983 conspiracy, malicious prosecution and abuse of process claims were made in bad faith.  *See, e.g.*, *Harris*, 2013 WL 3487032, at *34–35 ("This is not a case where the parties have exhibited such extreme behavior so as to warrant sanctions . . . ."); *Sood v. Rampersaud*, No. 12-CV-5486, 2013 WL 1681261, at *3 (S.D.N.Y. Apr. 17, 2013) ("[T]here is no evidence defendant's motion for partial summary judgment is brought in bad faith or obviously frivolous . . . ."); *Optical Commc'ns Grp.*, 2013 WL 1401720, at *11 ("[A]lthough we have rejected plaintiff's legal arguments, we are not persuaded that plaintiff has

advanced anything beyond a mere losing argument in opposing the instant motion.  We appreciate defendants' frustration with plaintiff's doggedness in pursuing this case.  Nonetheless, in an exercise of 'restraint,' we reluctantly decline to sanction plaintiff's behavior." (citations omitted)).  Plaintiffs' motion for sanctions pursuant to 28 U.S.C. § 1927 is denied.

## II.  Conclusion

For the reasons set forth above, the Court grants in part and denies in part Defendants' motions for reconsideration.  Upon reconsideration the Court adheres to its December 18, 2012 Decision.  The Court denies Plaintiffs' motion for sanctions.

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated:  August 12, 2013
        Brooklyn, New York