UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ROBERT J. DEL COL, ESQ. and LEFTHERIS
"TED" DOUKAS,

                Plaintiffs,

      v.

KATHLEEN RICE, acting individually and as the
duly elected District Attorney for the County of
Nassau; GUIDO GABRIELE, III, ESQ., acting
individually and on behalf of the Nassau County
District Attorney's Office; LINDA PERESS, acting
individually and as a purported duly appointed
Assistant District Attorney for the County
of Nassau; DATATREASURY CORPORATION;
RICHARD B. FRIEDMAN; CLAUDIO
BALLARD; SHEPHARD LANE; KEITH
DELUCIA; ASSISTANT DISTRICT ATTORNEY
JOHN and JANE DOES #1 – 20 of the COUNTY
OF NASSAU; NASSAU COUNTY DISTRICT
ATTORNEY DETECTIVE INVESTIGATORS
JOHN and JANE DOES #1 – 20, or those acting
in a similar capacity and under the law
enforcement authority of the NASSAU COUNTY
DISTRICT ATTORNEY; NASSAU COUNTY
POLICE OFFICER JOHN and JANE DOES
#1 – 20; and UNKOWN CORPORATIONS AND
INDIVIDUALS #1 – 20,

                Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
11-CV-5138 (MKB)

MARGO K. BRODIE, United States District Judge:

        Plaintiffs Robert J. Del Col, Esq. and Leftheris "Ted" Doukas filed the above-captioned

action against Defendants on October 21, 2011. On November 1, 2013, Michael Trimarco and

Beth Trimarco (collectively "the Trimarcos") submitted a letter to the Court requesting

permission to intervene as plaintiffs in the case. (Docket Entry No. 178, "Letter dated November

1, 2013").) On November 5, 2013, the Court referred the motion to Magistrate Judge William D.

Wall for a report and recommendation. On November 18, 2013, Judge Wall issued a report and recommendation ("R&R") recommending that the Court deny the proposed motion to intervene. (Docket Entry No. 187.) The Trimarcos filed an objection and the Court granted them leave to submit a proposed complaint and any papers, in accordance with Rule 24(c) of the Federal Rules of Civil Procedure, stating the specific grounds for intervention and the claims or defenses for which intervention is sought, along with any additional briefing they wished the Court to consider to supplement their objection to the R&R from Judge Wall. (Order dated January 24, 2014.) The Trimarcos submitted supplemental materials, including a proposed complaint on February 7, 2014. (Docket Entry No. 208.) On April 24, 2014, the Trimarcos filed an *ex parte* motion for protective order and motion for leave to file a "Third Party Complaint-in-Intervention." (Docket Entry No. 218.) For the reasons set forth below, the Court adopts Judge Wall's R&R in its entirety and denies the motion to intervene.

## I.  Background

The Court assumes familiarity with the underlying facts of this case, which are set forth in greater detail in the Court's Memorandum and Order of December 18, 2012, granting in part and denying in part Defendants' motion to dismiss the Complaint. *See Del Col v. Rice*, No. 11-CV-5138, 2012 WL 6589839 (E.D.N.Y. Dec. 18, 2012), *adhered to on reconsideration*, No. 11-CV-5138, 2013 WL 4052867 (E.D.N.Y. Aug. 12, 2013). The Court summarizes the relevant facts here.

Plaintiffs allege that they were arrested as part of a "pay to prosecute" conspiracy between the Data Treasury Corporation ("DTC"), Claudio Ballard, an officer of DTC, Shepard Lane, General Counsel for DTC, and Keith DeLucia, the Chief Executive Officer and majority shareholder of DTC, (collectively the "DTC Defendants"), Kathleen Rice, the District Attorney

2

of Nassau County, Guido Gabriele III, a former Assistant District Attorney, Linda Peress, the Bureau Chief of the Nassau County District Attorney's Office, John and Jane Doe, assistant District Attorneys working for the Nassau County District Attorney's Office, John and Jane Doe, District Attorney Detective Investigators, and John and Jane Doe, Nassau County Police Officers (collectively the "Nassau County Defendants"), and Richard Friedman, an attorney who represented the DTC Defendants in a patent litigation. *Del Col*, 2012 WL 6589839, at *1.

According to the Complaint, Doukas was part of a joint venture with Ballard in 1994 and 1995, which led to the development of a valuable patent that was later assigned to DTC. *Id.* at *2. Doukas was not aware of the development of the patent until he had a conversation with Del Col in April 2009, while Del Col was representing Doukas in a divorce action and other state actions. (Compl. ¶¶ 91–93.) According to the Trimarcos, at that time, Del Col was also representing Michael Trimarco, in a breach of contract claim against DTC in the Supreme Court of New York, Suffolk County. *Del Col*, 2012 WL 6589839, at *2; Compl. ¶¶ 84–86; *see also Trimarco v. Data Treasury Corp.*, No. 30324–2003, 2013 WL 7231013, (N.Y. Sup. Ct. 2013) ("the *Trimarco* litigation"). The *Trimarco* litigation alleged a breach of the terms of contract granting options to Michael Trimarco in October 2002, when Michael Trimarco joined DTC as its Chief Operating Officer.[1] (Compl. ¶ 85.) Upon learning of Doukas' role in the development of the technology that was later patented by Ballard and assigned to DTC, Del Col discussed Doukas' potential claims against DTC in a June 2009 filing in the *Trimarco* litigation. *Del Col*, 2012 WL 6589839, at *2. Shortly thereafter, according to Plaintiffs, Ballard and Lane began

---

[1] The *Trimarco* litigation was dismissed on October 30, 2013, *see Trimarco v. Data Treasury Corp.*, No. 30324–2003, 2013 WL 7231013 (N.Y. Sup. Ct. 2013), and, according to the Trimarcos, is currently being appealed, (Letter dated March 17, 2014 (Docket Entry No. 210) at 2).

contributing to Rice's political committees.  (*Id*.)  On November 20, 2009, Del Col sent a letter on behalf of Doukas to Friedman, an attorney for DTC in the *Trimarco* litigation, indicating that his client Doukas wished to "discuss a pre-commencement settlement" of his claim with respect to the DTC patent.  (*Id*.)

In late December 2009 or early January 2010, Gabriele left his position at the Nassau County District Attorney's office and was appointed by Rice to serve as a Special Prosecutor. (*Id*.)  On February 9, 2010, Gabriele secured a grand jury indictment against Del Col and Doukas for grand larceny in the second degree for the alleged extortion of the DTC Defendants.  (*Id*.) Later that same day, Friedman, Ballard and Lane met with Del Col and Doukas, provided them with a check for $75,000 as in initial settlement payment, and agreed to execute a settlement agreement for an additional $325,000 in future payments.  (*Id*. at *3.)  In exchange, Doukas agreed to sign an affidavit stating that he knew nothing about the ownership of DTC's patents. (*Id*.)  As they left the meeting, Plaintiffs were arrested pursuant to the grand jury indictment and incarcerated for two nights.  (*Id*.)

On October 22, 2010, the Nassau County Court dismissed the indictment against Plaintiffs, finding that Rice had no authority to appoint Gabriele as a Special Assistant District Attorney.  *See People v. Del Col et. al.*, Ind. No. 313N-10, slip op. (Oct. 26, 2010).  The court gave the District Attorney's Office leave to present the matter to a new grand jury within 45 days of the dismissal.  (*Id*.)  The District Attorney's Office appealed the dismissal and the Appellate Division affirmed the dismissal.  *See People v. Del Col*, 930 N.Y.S.2d 488 (App. Div. 2011).

Plaintiffs filed this action on October 21, 2011, alleging unlawful search and seizure, abuse of process, conspiracy to violate federally protected rights, conspiracy to obstruct justice, manufacture of false evidence, malicious prosecution, intentional infliction of emotional distress,

negligent infliction of emotional distress, New York constitutional tort, negligence, false arrest

and false imprisonment claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and New York

state common law.  At oral argument on July 26, 2012, the Court granted Defendants' motions to

dismiss Plaintiffs' claims for the manufacture of false evidence, intentional infliction of

emotional distress, negligent infliction of emotional distress, New York constitutional tort and

negligence, and denied the motion to dismiss the search and seizure claim against the Nassau

County Defendants.  (Minute Entry dated July 26, 2012); *see also Del Col*, 2012 WL 6589839, at

*2 n.3.  By Memorandum and Order dated December 18, 2012, the Court dismissed the

malicious prosecution claim as to the Nassau County Defendants, and the false imprisonment

and false arrest claims as to all Defendants.  *Del Col*, 2012 WL 6589839, at *15.  The Court

denied the motions to dismiss the conspiracy and abuse of process claims as to all Defendants

and the malicious prosecution claim as to the DTC Defendants and Friedman.  (*Id.*)

On January 4, 2013, Judge Daniel Martin of the Suffolk County Supreme Court barred

the Nassau County Defendants from seeking another indictment against Plaintiffs based on their

failure to timely present the evidence against Plaintiffs to another grand jury.  *Del Col v.

Rice*, No. 21193–12, slip op. at 5 (N.Y. Sup. Ct. Jan. 4, 2013); *see Del Col v. Rice*, No. 11-CV-

5138, 2013 WL 4052867, at *4 (E.D.N.Y. Aug. 12, 2013).  The Defendants answered the

Complaint on January 31, 2013.  (Docket Entry No. 135.)

On November 1, 2013, the Trimarcos filed a letter with the Court seeking leave to

become intervenor-Plaintiffs in the case, claiming that their civil rights have been violated by

Defendants, that they have been deprived of the right to effective counsel, and that the arrest and

indictment of Plaintiffs "have been brought up continually to discredit us and our legal team."

(Docket Entry No. 178 at 1.)  The matter was referred to Judge Wall, and the DTC Defendants,

the Nassau County Defendants, Friedman and Del Col each submitted responses in opposition to the motion to intervene. (Docket Entry Nos. 180–185.) Judge Wall recommended that the Court deny the Trimarcos' motion. (Docket Entry No. 187.) The Trimarcos objected on the ground that their initial letter to the Court merely sought leave to move to intervene, and that they had not had the opportunity to submit a formal proposed intervenor-complaint. (Docket Entry No. 188.) The Court granted leave to the Trimarcos to submit a proposed complaint and any papers, in accordance with Rule 24(c) of the Federal Rules of Civil Procedure, stating the specific grounds for intervention and the claim or defense for which intervention is sought, along with any additional briefing they would like the Court to consider. (Order dated January 24, 2014.)

On February 7, 2014, the Trimarcos submitted a formal motion to intervene, (Docket Entry No. 208, ("Intervenor Compl.")), and provided a supplemental letter on March 17, 2014, (Docket Entry No. 210). The Trimarcos also moved for inclusion in the proposed protective order concerning the grand jury minutes in this case, moved to strike "prejudicial character-attack references" by DTC in their opposition papers, and moved to sanction DTC and its attorneys "for submitting such prejudicial matter." (Intervenor Compl. 1–2.)

## II. Discussion

### a. Standard of Review

#### i. Report and Recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C); *see also*

*Larocco v. Jackson*, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. 28 U.S.C. § 636(b)(1)(C); *see also Larocco*, 2010 WL 5068006, at *2. The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *See Rahman v. Fischer*, No. 10-CV-1496, 2014 WL 688980, at *1 (N.D.N.Y. Feb. 20, 2014) ("If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error." (citations omitted)); *Time Square Foods Imports LLC v. Philbin*, No. 12-CV-9101, 2014 WL 521242, at *2 (S.D.N.Y. Feb. 10, 2014) (clearly erroneous standard applies when party reiterates arguments made to the magistrate judge); *see also DePrima v. City of New York Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

### ii. Intervention

Rule 24(a) of the Federal Rules of Civil Procedure allows intervention as of right under certain circumstances. It provides in pertinent part that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a); *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010). To establish a right to intervene as of right pursuant to Rule 24(a)(2), "an intervenor must show that: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject matter of

the action; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party." *St. John's Univ., New York v. Bolton*, 450 F. App'x 81, 83 (2d Cir. 2011) (quoting *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984)).

Rule 24(b) allows the Court to exercise its discretion and permit intervention under certain circumstances. It provides in pertinent part that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 103 n.7 (2d Cir. 2013) ("In relevant part, Rule 24 provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."). In exercising discretion to determine whether a party may be permitted to intervene pursuant to the Court's discretion under Rule 24(b), the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties, . . . the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Citizens Against Casino Gambling in Erie Cnty. v. Hogen*, 417 F. App'x 49, 50 (2d Cir. 2011) (quoting *H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986)).

### b. Intervention as of right

The Trimarcos argue that they are entitled to intervene in this action as of right pursuant to Rule 24(a). (Intervenor Compl. 3.) The Trimarcos assert that the DTC Defendants "acted

against my agent [Del Col] with the intent to hurt [Michael Trimarco]," and the "'pay to prosecute' scheme was an attempt to strong arm, disadvantage or stifle my separate case by sidelining and intimidating my attorney, [P]laintiff Del Col, and a key witness, [P]laintiff Ted Doukas, with false imprisonment and bad faith prosecutions."[2]  (*Id*.)  In a supplemental letter submission to the Court, the Trimarcos state that the core malfeasance on the part of DTC that DTC was seeking to cover up through the alleged "pay to prosecute" scheme had been discovered by Michael Trimarco ten years earlier and motivated DTC to repudiate Michael Trimarco's stock options.  (Letter dated March 17, 2014 at 1.)  The Trimarcos argue that the Defendants' actions in this case all stem from an effort by Del Col to utilize Doukas as a witness in the *Trimarco* litigation.  (*Id*. at 2.)  According to the Trimarcos, the instant case "is all about the DTC Defendant[s'] improper use of the criminal justice system to try and compromise and/or deny me my chosen counsel," and the claims of the current Plaintiffs are "in significant part [Michael Trimarco's] claims."  (Intervenor Compl. 5, 8.)  The Trimarcos further argue that "DTC used the judicial process as a tool to violate Mr. Doukas' and Mr. Del Col's rights, for the purpose of frustrating my civil rights," thereby violating their "direct, legally protected" interest.

---

[2]  Although there are two potential intervenors, Michael Trimarco and his spouse Rachel Trimarco, (*see* Letter dated November 1, 2013), the proposed intervenor-complaint refers only to the interests and injuries of Michael Trimarco.  Moreover, as a *pro se* litigant, Michael Trimarco cannot represent his spouse in this action.  *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."); *KLA v. Windham Se. Supervisory Union*, 348 F. App'x 604, 605–06 (2d Cir. 2009) ("Although litigants in federal court have a statutory right to act as their own counsel, 28 U.S.C. § 1654, the statute does not permit 'unlicensed laymen to represent anyone other than themselves.'" (citations omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause . . . ."); *see also Barrett v. United States*, 622 F .Supp. 574 (S.D.N.Y. 1985) ("[S]ection 1983 civil rights action is a personal suit and may not be brought by . . . spouse or children of the individual whose civil rights were violated." (internal quotation marks and citations omitted)).

(*Id*. at 10.) The Trimarcos also claim that if DTC "compromised public officials to improperly impact [their] interests, they are liable to [the Trimarcos] under 18 U.S.C. § 1983." (*Id*. at 4.) The Trimarcos assert that the motion to intervene is timely as discovery has recently commenced, and their interests are not adequately represented by the current Plaintiffs. (*Id*. at 10.)

As discussed below, the Trimarcos have not established that they are entitled to intervene as of right pursuant to Rule 24(a), as the instant motion is not timely, they lack a legally cognizable interest in this case, and any remote or speculative interests they may have in the case will not be impaired by the disposition of this case.

### i. The motion to intervene is untimely

In assessing whether a motion to intervene is timely, the Court considers "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Frankel v. Cole*, 490 F. App'x 407, 408 (2d Cir. 2013) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)).

The Trimarcos do not state how long they had notice of their alleged interest in the instant litigation before seeking leave to intervene on November 1, 2013, but contend that their application is timely because "discovery is just commencing and no scheduling has occurred," (Intervenor Compl. 6), suggesting that there is no prejudice to the existing parties. The Trimarcos moved to intervene two years after this case was commenced, approximately eleven months after the Court decided a motion to dismiss the Complaint, nine months after Defendants answered the Complaint and more than six months after discovery was commenced. (*See*

Docket Entry No. 152, pretrial order regarding Grand Jury Minutes.)  The Trimarcos have

offered no explanation for their delay in moving to intervene.  All Defendants and one of the two

Plaintiffs have objected to the proposed intervention on the ground that they will be prejudiced in

light of the potential for the parties to be forced to resume motion practice, delay discovery, and

shift the focus of attention from the civil rights claims that are at the heart of this litigation, to the

unspecified harms that the Trimarcos seek to remedy through intervention.  (*See* Del Col Opp'n

7; DTC Defs. Opp'n 19–20; Nassau County Defs. Opp'n 3.)  Fact discovery is currently

scheduled to be completed on July 21, 2014.  (*See* Order dated April 28, 2104.)  Under these

circumstances, the prejudice to the existing parties as a result of the delay by the Trimarcos in

moving to intervene weighs against a finding that the motion is timely.

Nor will the Trimarcos be prejudiced by a denial of the motion to intervene.  All of the

alleged claims that the Trimarcos have or may have against the DTC Defendants can be

addressed through separate litigation.  Although the Trimarcos argue that "the Court may make

determinations that may impact any separate rights that [we] may have," they have not identified

any such right.  (Intervenor Compl. 5.)  The Trimarcos have also not identified "any unusual

circumstances militating for . . . a finding of timeliness."  *See Frankel*, 490 F. App'x at 408.

In sum, in light of the prejudice that granting the motion would cause to the existing

parties, the lack of prejudice to the Trimarcos from denial of the motion, and the absence of

unusual circumstances or other explanation for the two-year delay in moving to intervene, the

instant motion to intervene is untimely.[3]

---

[3]  The omission by the Trimarcos in explaining when they learned of their interest in the instant case is not dispositive, as the Court assesses this factor based on when the Trimarcos knew or should have known of their interest.  *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001) ("Delay is not measured solely subjectively because, if that

## ii. The Trimarcos lack an interest in this case

The Trimarcos have not stated an "interest relating to the property or transaction that is the subject of the action," Fed. R. Civ. P. 24(a)(2), and have therefore failed to establish that they are entitled to intervene. "For an interest to be cognizable by Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'" *Bridgeport Guardians*, 602 F.3d at 473 (quoting *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (quoting *Wash. Elec. Co-op.*, 922 F.2d at 97).

In the action before the Court, the Plaintiffs' surviving claims are (1) a search and seizure claim against the Nassau County Defendants, (2) malicious prosecution as to the DTC Defendants, and (3) conspiracy and abuse of process claims as to all Defendants. (Minute Entry dated July 26, 2012); *see also Del Col*, 2012 WL 6589839, at *2 n.3, *15. The Trimarcos make generalized assertions as to the nature of the interest that they have in the instant case by noting that Michael Trimarco "was an intended, albeit indirect, target of the scheme executed by Data Treasury, and it impacted [him] negatively," and "the selfsame behavior that injured the current [P]laintiffs injured [Michael Trimarco] as well." (Proposed Compl. 5.) Construing the *pro se* arguments of the Trimarcos liberally, they appear to allege that they have an economic interest in the outcome of their separate breach of contract litigation, a reputational interest, and a civil

---

were the test, a putative intervenor could always claim it did not know it needed to intervene until the eve of its motion."); *see also Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) ("Among the most important factors in a timeliness decision is the length of time the applicant knew or should have known of his interest before making the motion." (citation and internal quotation marks omitted)).

rights interest related to the alleged manipulation of public officials in order to harm the Trimarcos. In addition, they appear to assert that the instant litigation has caused them to be denied effective assistance of counsel in their civil breach of contract litigation against the DTC Defendants, as Del Col, their attorney in the *Trimarco* litigation in state court, has been "unduly forced to focus on this matter to the detriment of [Michael Trimarco's action]." (Letter dated November 1, 2013.)

Each of these interests are, at best, indirectly related to the instant litigation, which is a civil rights action brought by Plaintiffs who allegedly suffered a deprivation of liberty and property in violation of specific constitutional rights — namely, the Fourth Amendment right to be free from unreasonable search and seizure, and the Fourth and Fourteenth Amendment rights to be free from malicious prosecution. The Trimarcos mistakenly refer to the claims comprising the instant litigation as tort claims that were committed by the Defendants "in order to hurt [Michael Trimarco]." (Intervenor Compl. 8.) While the Trimarcos also broadly assert that "if Data Treasury compromised public officials to improperly impact [Michael Trimarco's] interests, they are liable to [him] under . . . § 1983," nowhere in their pleadings do they state what constitutional rights they seek to vindicate pursuant to Section 1983,[4] or describe the actions of Defendants that allegedly caused the deprivation of such rights.

Any interest that the Trimarcos may have in the outcome of the instant litigation is indirect, remote, and speculative. Furthermore, even those remote interests will not be impaired

---

[4] Section 1983 is not a freestanding source of substantive rights, but rather the vehicle through which Plaintiff may bring a cause of action alleging a deprivation of a federal constitutional right by a state actor. *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004) ("Section 1983 'is not itself a source of substantive rights.' It merely provides 'a method for vindicating federal rights elsewhere conferred.'" (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))).

by the outcome of the instant proceeding, which will determine whether or not Plaintiffs are entitled to money damages.  (*See* Compl. ¶ 318.)  Regardless of the outcome, any rights that the Trimarcos may have with respect to their recently-dismissed breach of contract claim or a potential defamation claim against DTC will not be affected.

To the extent that the Trimarcos' motion is grounded in a concern that issues that are litigated during the course of this proceeding will reference them, or may overlap with issues that were litigated in their breach of contract claim, having an interest in the outcome of issues that are incidental to the central claims of the instant case is insufficient to justify intervention as of right.  *Cf. S.E.C. v. Illarramendi*, No. 11-CV-78, 2012 WL 5832330, at *4 (D. Conn. Nov. 16, 2012) (finding that potential intervenors "have a 'direct, substantial, and legally protectable interest'" where "[m]ovants are creditors of the Receivership Entities, and assert that therefore, they have a direct interest in assets held in the Receivership Estate"); *JPMorgan Chase Bank, Nat. Ass'n v. Nell*, No. 10-CV-1656, 2012 WL 1030904, at *3 (E.D.N.Y. Mar. 27, 2012) ("An owner of [real] property underlying an action has a direct interest in the action for Rule 24(a) purposes." (citing *Long Island Trucking, Inc. v. Brooks Pharmacy*, 219 F.R.D. 53, 56 (E.D.N.Y. 2003))); *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 487 (S.D.N.Y. 2011) ("Where a party procures and secures a [letter of credit] with its own assets, its interest is cognizable in an action concerning the [letter of credit].").

Similarly, the Trimarcos' speculative assertions that "the Court may make determinations that may impact any separate rights that [Michael Trimarco] may have, based upon the same transactions or disputes," that "[c]urrent requests for relief would not provide a remedy for [Michael Trimarco]," and that "the Court may *res judicata* the transactions at issue in this law suit, affecting any separate action I may otherwise have," (Intervenor Compl. 5) are insufficient

to establish that their interests will be impaired if they are not permitted to intervene. *See Tymoshenko v. Firtash*, No. 11-CV-2794, 2011 WL 5059180, at *2 (S.D.N.Y. Oct. 19, 2011) (finding that "where a proposed intervener's claim is dependent upon a court ruling on an ancillary legal issue, such a claim is too attenuated to warrant intervention" (citing *Compagnie Noga D'Imp. Et D'Exp. S.A. v. Russian Fed'n*, No. 00-CV-0632, 2005 WL 1690537, at *4 (S.D.N.Y. July 20, 2005))).

The Trimarcos' additional claim that the instant litigation has compromised their right to effective counsel in their civil litigation also fails to establish a legally cognizable interest in the instant litigation. As an initial matter, there is no constitutional right to effective counsel in civil cases. *See Hango v. Royall*, 466 F. App'x 30, 35 (2d Cir. 2012) (citing *Leftridge v. Conn. State Trooper Officer # 1283*, 640 F.3d 62, 68 (2d Cir. 2011)). Any interest the Trimarcos may have in Del Col's representation of their civil case may be remedied through other means such as a legal malpractice claim or ethical complaint against Del Col, but not through intervention in federal constitutional litigation that is, at best, incidentally related to Michael Trimarco.

In sum, the Trimarcos' motion to intervene is untimely, the potential intervenors lack a "direct, substantial, and legally cognizable" interest in this instant case, and any remote or speculative interests that they may have in the case will not be impaired by the disposition of this case. *See Bridgeport Guardians*, 602 F.3d at 473. The Court therefore adopts Judge Wall's recommendation and denies the Trimarcos' motion to intervene as of right pursuant to Rule 24(a).

### c. Permissive Intervention

The Trimarcos argue that, in the alternative, their pleading satisfies the requirements for permissive intervention pursuant to Rule 24(b)(2). (Intervenor Compl. 6.) However,

intervention would unduly delay and prejudice the current parties. In addition, the Trimarcos have failed to establish that they have a "claim or defense that shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b)(1)(B).

### i.    Intervention will unduly delay and prejudice the parties

As discussed *supra* in part II.b.i, intervention by the Trimarcos with their unrelated claims will "unduly delay [and] prejudice the adjudication of the rights of the original parties." *See Hogen*, 417 F. App'x at 50. The Trimarcos' interest in the instant litigation is related solely to the motivation that may have driven the DTC Defendants to allegedly collaborate with the Nassau County Defendants to deprive Plaintiffs of their constitutional rights. (*See* Intervenor Compl. 7 ("The pay to prosecute scheme was just another action, in a long line of actionable actions by the DTC Defendants."); Letter dated March 17, 2014 at 2 (noting that the *Trimarco* litigation is under appeal and that "[t]his action presents potentially related, but fully distinct claims. . . . DTC has many illegal acts to account for, and the events in this case form the nucleus of my related claims.")) The DTC Defendants could move to dismiss any additional claims introduced into the instant litigation by the Trimarcos. Delaying the instant litigation nearly one year after the Court decided a motion to dismiss the Complaint and more than six months after discovery commenced would introduce undue delay and prejudice to the adjudication of the rights of the original parties.

### ii.    The Trimarcos' interests do not warrant intervention

The nature and extent of the Trimarcos' interest also weighs against permitting intervention, since any alleged wrongs that the Trimarcos experienced at the hands of the DTC Defendants are more appropriately addressed through independent litigation. Despite their arguments to the contrary, the Trimarcos were not subject to the same factual circumstances that give rise to Plaintiffs' claims in the instant action — an allegedly unlawful search and seizure by

the Nassau County Defendants, an alleged abuse of process and conspiracy by all the Defendants, and an alleged malicious prosecution by the DTC Defendants and Friedman. Based on the Trimarcos' submissions, the Court cannot find any factual or legal basis for a claim that the Trimarcos' share with the claims in the instant litigation, which are § 1983 claims for deprivation of constitutional rights. At most, the Trimarcos appear to allege claims grounded in common law breach of contract and defamation against some or all of the DTC Defendants, some of which claims were dismissed in state court and are currently being appealed. The Trimarcos may additionally be attempting to allege a common law malpractice claim against Del Col. However, the fact that a defendant and an attorney in a separate civil action are a defendant and a plaintiff, respectively, in this action, is insufficient to establish a claim for permissive intervention, even if, as the Trimarcos assert, the *Trimarco* litigation somehow motivated the DTC Defendants in this case to engage in the unlawful acts that are the subject of this action. The Trimarcos have not shown that they are entitled to intervention by permission of the Court. The Court adopts Judge Wall's recommendation and denies the Trimarcos' motion to intervene permissively pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

### d. The Trimarcos' motions to strike and for sanctions

The Trimarcos also move pursuant to Rule 12(f) to strike prejudicial character evidence proffered by the DTC Defendants in their opposition to intervene, and to sanction the DTC Defendants for submitting this material. (Intervenor Compl. 9–10.)

### i. Motion to strike

The Trimarcos move to strike the DTC Defendants' references to the "government cases against Advanced Wellness and Home Assure," two corporations connected to Michael Trimarco, from the documents submitted by the DTC Defendants in opposition to the Trimarcos'

motion to intervene.  (*See* Docket Entry No. 183.)  The Trimarcos argue that the material has

been submitted solely to establish the bad character of Michael Trimarco.  (Intervenor Compl. 9.)

Rule 12(f) of the Federal Rules of Civil Procedure provides in pertinent part:

> The court may strike from a pleading an insufficient defense or any
> redundant, immaterial, impertinent, or scandalous matter. The
> court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the
> pleading or, if a response is not allowed, within 21 days after being
> served with the pleading.

Fed. R. Civ. P. 12.  Pleadings are defined by Rule 7 of the Federal Rules of Civil Procedure as

"(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a

counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-

party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7(a).  The

memorandum of law by the DTC Defendants opposing the Trimarcos' motion to intervene is not

a pleading, and therefore, the Trimarcos cannot properly strike portions of those documents

pursuant to Rule 12(f).  *See Dekom v. New York*, No. 12-CV-1318, 2013 WL 3095010, at *6

(E.D.N.Y. June 18, 2013) (denying motion to strike because a party can strike only pleadings

pursuant to Rule 12, not legal briefs); *Huelbig v. Aurora Loan Servs., LLC*, No. 10-CV-6215,

2011 WL 4348281, at *2 (S.D.N.Y. May 18, 2011) ("Plaintiff's Motion to Strike is improper

because Federal Rule of Civil Procedure 12(f) allows a court to strike pleadings only."), *report

and recommendation adopted*, No. 10-CV-6215, 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011);

*Marshall v. Webster Bank, N.A.*, No. 10-CV-908, 2011 WL 219693, at *12 (D. Conn. Jan. 21,

2011) (finding that a "reply memorandum is not a 'pleading'" and therefore not subject to be

struck pursuant to Rule 12).

    Even if the Court construed the DTC Defendants' memorandum in opposition to the

Trimarcos motion to intervene as a pleading, the Trimarcos' motion to strike is moot because the Court did not not rely on the allegedly prejudicial material in rendering a decision. *See Goodman v. Genworth Fin. Wealth Mgmt., Inc.*, --- F. Supp. 2d ---, ---, 2014 WL 1452048, at *17 (E.D.N.Y. Apr. 15, 2014) ("Because the Court has not relied on any of the declarations submitted by defendants and has considered . . . all of plaintiffs' submissions in denying plaintiffs' motion for class certification, the Court denies the parties' respective motions to strike as moot."); *Fubon Ins. Co. Ltd. v. OHL Int'l*, No. 12-CV-5035, 2014 WL 1383604, at *11 (S.D.N.Y. Mar. 31, 2014) ("Because the Court denies Plaintiffs' motion for summary judgment without relying on the contested Ferreira Declaration, Plaintiffs' motion to strike is denied as moot."); *Roberts v. Los Alamos Nat. Sec., LLC*, 942 F. Supp. 2d 359, 365 (W.D.N.Y. 2013) (noting that "the Court's consideration of [the material to be struck] . . . would not alter the outcome of the instant motions in any case" and holding that "[t]he motion to strike is accordingly denied as moot."); *Radolf v. Univ. of Conn.*, 364 F. Supp. 2d 204, 230 (D. Conn. 2005) ("[T]he Court did not rely on this material that Defendants seek to strike. Therefore, Defendants' Motions to Strike are denied as moot."). Because the allegedly prejudicial material included by DTC was not considered by Judge Wall or the Court in resolving the instant motion, the Trimarcos' motion, is also denied as moot.

### ii.    Motion for Sanctions

The Court declines to impose sanctions on the DTC Defendants for submitting the material the Trimarcos seek to strike. Rule 11 requires that a motion for sanctions be "made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2); *see Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) ("A motion for sanctions must be made

separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." (quoting Fed. R. Civ. P. 11(c)(2))).  In addition, the "safe harbor" requirement of Rule 11 provides that "[t]he motion must be served [on the party against whom sanctions are sought] . . ., but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. P. 11(c)(2); *see also Star Mark*, 682 F.3d at 175 ("The safe-harbor provision is a strict procedural requirement."); *Castro v. Mitchell*, 727 F. Supp. 2d 302, 305 (S.D.N.Y. 2010) ("In disposing of a motion for Rule 11 sanctions, a district court 'must adhere to the procedural rules which safeguard due process rights.'" (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 58 (2d Cir. 2000))).

The Trimarcos' motion for sanctions was made as part of the proposed Complaint submitted in support of their motion to intervene, rather than separately as required by Rule 11. (*See* Intervenor Compl. 9–10.)  The Court therefore declines to impose sanctions pursuant to Rule 11.  *See Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008) (affirming district court denial of motion for sanctions where "Defendants failed to make a separate motion for sanctions under Rule 11, and therefore failed to comply with the procedural requirements of the rule").  Furthermore, the Trimarcos do not indicate that the motion was properly served upon the DTC Defendants, affording the DTC Defendants an opportunity to withdraw the objectionable language from their opposition papers.  The Trimarcos' motion for sanctions is therefore denied.  *Intravaia ex rel. Intravaia v. Rocky Point Union Free Sch. Dist.*, 919 F. Supp. 2d 285, 296 (E.D.N.Y. 2013) (denying motion for sanctions that was not made separately and initially served on opposing party (citing *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002))).

**III. Conclusion**

For the foregoing reasons, the Court adopts Judge Wall's R&R in its entirety and denies the Trimarcos' motion to intervene in this action, as well as the Trimarcos' motion to strike and motion to sanction.

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated: May 7, 2014
      Brooklyn, New York